# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## JANUARY TERM, 1896.

CASE 84—PETITION ORDINARY—JANUARY 10.

## Newport News, &c., Co. v. Stavig.

APPEAL FROM GRAYSON CIRCUIT COURT.

1. A REJECTED PLEADING CAN NOT BE REGARDED AS A PART OF THE RECORD where it is embraced in a bill of exceptions which can not be considered because it was not filed in time.

2. BILL OF EXCEPTIONS.—Where an order was entered during the term at which the trial was had and the judgment became final stating that the bill of exceptions was filed, but at the succeeding term an order was made to the effect that at the former term no such bill had, in fact, been filed, and a bill, over the objection of the appellee, was then filed and signed by the judge as of the date of the former order, the bill thus filed can not be considered, no order having been made at the former term extending the time for filing.

G. W. STONE AND P. H. DARBY FOR APPELLANT.

The court erred in refusing to allow the amended answer to be filed. If appellee shipped the box at all he shipped it as household goods, according to his own statement. He is therefore entitled to pay for household goods only and not for jewelry, &c. (Hutchinson on Carriers, secs. 211-215.)

J. C. GRAHAM FOR APPELLEE.

1. The court did not abuse its discretion in refusing to allow the amended answer to be filed, and therefore there can be no re-

533

versal on that account. (Dawson v. Bacon, 7 Bush, 680; Civil Code, sec. 134; Donnelly v. Pepper, 91 Ky., 365; Filbin's adm'r v. Chesapeake, &c. R. Co., 91 Ky., 446; Miller v. Withers, 3 Ky. Law Rep., 57; Newton v. Long, 13 Ky Law Rep., 698.)

2. The amended answer can not be considered, not being made a part of the record either by order of court or a valid bill of exceptions. (18 B. M., 218; 7 Bush, 474; 12 Bush, 119.)

3. The bill of exceptions is void. (Civil Code, sec. 334; 2 Met., 297; 4 Litt., 133; 3 Bibb, 51, 466.)

A rule of court as to filing bill of exceptions which is inconsistent with the Code of Practice has no force. (Kennedy & Bro. v. Cunningham, 2 Met., 541.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant company for failing to deliver a box containing certain enumerated articles of the value of $154, which had been delivered to it as common carrier, at Millwood, for shipment to him at Louisville. The answer denied such failure, and upon this issue the parties proceeded to trial. After the plaintiff's testimony was heard the company offered to file an amended answer to the effect that the box in controversy contained jewelry, books, pictures and ornaments, while it was represented by the shipper to contain household goods only, and that the failure to disclose truthfully its contents was a fraud on the carrier.

The court refused to permit the amendment to be filed, and this is the chief error assigned for reversal. It is insisted, however, by the other side that the pleading, even if its rejection was an error, which is not admitted, is not in fact made a part of the record, and for that reason can not be considered. This contention must be sustained; for while the bill of exceptions contains the amendment, the bill itself can not be considered.

The case was tried at the January term, 189?, and an order was then entered stating that the bill of exceptions and statement of evidence were filed, signed by the judge

and made a part of the record.   But at the succeeding April term an order was made to the effect that at the January term no such bill or statement had in fact been filed, and a bill and statement over the objection of the appellee were then filed and signed by the judge as of the date of the former order.   While this is said to have been the practice in that circuit, we can not approve it.

The law provides that time may be given to prepare a bill of exceptions but not beyond a day in the succeeding term, to be fixed by the court, and, unless such time be given, the party excepting shall prepare and file his bill, properly signed, during the term at which the judgment becomes final.   These are the plain provisions of sections 334 and 337 of the Civil Code, and can not be changed by any rule of practice.

Upon the issues presented by the original pleadings the case was tried out without error, and the judgment is affirmed.